**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PEGGY COOPER, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 1:18-cv-00266 |
| : | |
| SECOND ROUND SUB, LLC, a Texas : | |
| limited liability company, : | |
| : | |
| Defendant : | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIM FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)**

Defendant Second Round Sub, LLC, by and through its undersigned counsel, respectfully moves this Court to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, and in support of which states as follows

**INTRODUCTION**

As is readily apparent from Plaintiff's Complaint, the United States District Court for the Northern District of Illinois is not the proper forum for this action. Plaintiff, an Alabama resident, claims that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, by sending a letter to her Alabama home from its offices in Texas. *See generally* D.E. 1. Even though Plaintiff alleges no factual nexus between Defendant's alleged actions and the State of Illinois, Plaintiff filed her lawsuit not in Alabama, where she resides, or in Texas, where Defendant is located and maintains its principal place of business, but rather in Illinois, which has no real connection to this lawsuit. *See id.* Plaintiff claims that after she fell behind on paying a debt owed to Synchrony Bank, she "sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program" in Chicago – but this is Plaintiff's only connection to this forum. *See*

1

*id.* at ¶8. As explained in more detail below, Plaintiff's retention of counsel in Illinois is insufficient to confer this Court with specific jurisdiction over Defendant.

For the reasons described by the United States Supreme Court in *Daimler AG v. Bauman, et. al.*, 134 S. Ct. 746 (2014), this Court also lacks general jurisdiction over Defendant. Indeed, Defendant's contacts with the State of Illinois are not "so 'continuous and systematic' as to render [Defendant] essentially at home" in Illinois. *Daimler*, 134 S. Ct. at *38. Thus, Plaintiff's Complaint must be dismissed in accordance with Fed. R. Civ. P. 12(b)(2).

Notably, said dismissal should be with prejudice given Plaintiff's Complaint fails to plead a plausible claim for relief. Plaintiff's Complaint alleges that Defendant violated § 1692c(c) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, by communicating with Plaintiff even though the creditor was informed via *prior debt collectors – not via Defendant –*that Plaintiff wished to cease further communications. *See* D.E. ¶¶9-11, 19. She further alleges that Defendant violated § 1692c(a)(2) by communicating with her even though the creditor was informed via *prior debt collectors – not via Defendant –* that she was represented by counsel. *See id.* at ¶¶9-11, 23. Plaintiff never told *Defendant* that she was represented by counsel, and Plaintiff never gave *Defendant* a written request that its communications cease. Consequently, her claims fail as a matter of law, and amendment would be futile. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004) (holding creditors' knowledge is not imputed to debt collectors as "debt collectors are independent contractors"). Thus, when dismissing Plaintiff's claims, this Court should do so with prejudice.

**STANDARD OF REVIEW**

Where a defendant moves to dismiss a complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of demonstrating that jurisdiction exists.

2

*Price v. Schlee & Stillman, LLC*, 2017 U.S. Dist. LEXIS 81245 (N.D. Ill. 2017); *Purdue Res. Found v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). To meet this burden, the plaintiff "must allege facts supporting the reasonable inference that an out-of-state defendant has 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Price*, 2017 U.S. Dist. LEXIS at *3 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).

## ARGUMENT

*1.    The United States District Court for the Northern District of Illinois lacks personal jurisdiction over Defendant.*

In the seminal case of *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), the United States Supreme Court recognized two categories of personal jurisdiction. The first, called "specific jurisdiction" by modern courts, concerned cases in which the lawsuit "arise[s] out of or relate[s] to the defendant's contacts with the forum." *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 N. 8 (1984). The second, called "general jurisdiction" may be exercised when a foreign corporation's "continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *International Shoe*, 326 U.S. at 318.

Here, Plaintiff's Complaint falls well short of making a *prima facie* demonstration that the Court has specific jurisdiction over Defendant. Far from alleging that Defendant "purposefully directed its activities toward the forum state," Plaintiff's Complaint actually alleges the opposite – that Defendant *should have* "purposefully directed its activities" to Plaintiff's counsel in Chicago, but instead directed such activities directly to Plaintiff in Alabama. That Plaintiff's counsel was located in this judicial district, is "entirely irrelevant to where the alleged statutory violation took place and where the alleged injury was suffered." *Price v. Schlee &*

3

*Stillman, LLC*, 2017 U.S. Dist. LEXIS 81245 (N.D. Ill. 2017) (dismissing case filed by Plaintiff's counsel under nearly identical circumstances for lack of personal jurisdiction); *see also Stewart v. Branchfeld Law Group*, 2010 U.S. Dist. LEXIS 128207 (N.D. Ill. Nov. 16, 2010). As "no part of the acts and transactions occurred here in any real-world sense" specific jurisdiction is lacking. *See Stewart*, 2010 U.S. Dist. LEXIS 128207, at *2-3 (considering analogous facts and dismissing case filed by Plaintiff's counsel for lack of personal jurisdiction). Thus, the only issue left to decide is whether this Honorable Court may exercise general jurisdiction over Defendant.

The Supreme Court has narrowed the circumstances under which courts may exercise general jurisdiction over corporate defendants. In *Daimler A.G. v. Bauman, et. al.*, 134 S. Ct. 746 (2014), the Supreme Court conducted an in-depth examination of the standard for exercising general jurisdiction under *International Shoe* while analyzing whether plaintiffs, all of whom were residents of Argentina, could maintain suit in California against Daimler, a company incorporated and principally located in Germany. *Daimler*, 134 S. Ct. at *1. Plaintiffs contended that jurisdiction in California was appropriate because of Daimler's extensive contacts with California through the actions of its subsidiary, Mercedez-Benz USA, LLC ("MBUSA"); MBUSA's numerous dealerships and associated properties throughout the state; and MBUSA's prolific vehicle sales throughout California. *Id.* at *10. Plaintiffs claimed that these activities constituted the requisite "continuous and substantial contacts" with California sufficient to justify the exercise of general jurisdiction in accordance with the framework originally set forth in *International Shoe*. *Id*. at *10-11.

The Supreme Court rejected the plaintiffs' position and, in so doing, noted that recent precedent had progressively narrowed the circumstances under which a court could exercise general jurisdiction over defendants. Citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*,

4

131 S. Ct. 2846 (2011), the Court held that when determining whether the exercise of general jurisdiction is proper, the relevant inquiry is whether a foreign corporation's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State.'" *Goodyear*, 131 S. Ct. 2846 (2011). The *Goodyear* Court made clear that "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction," and that for a corporation, the "paradigm forum" is either the corporation's place of incorporation or its principal place of business. *Goodyear*, 131 S. Ct. at 2854; *see also Daimler*, 134 S. Ct. at *39-40.

*Goodyear* did not explicitly limit the exercise of general jurisdiction only to a corporation's place of incorporation or principal place of business, however, and on that basis, the *Daimler* plaintiffs argued that MBUSA's contacts with California were sufficiently "substantial, continuous and systematic" such that plaintiffs could have sued MBUSA in *any* state in which the corporation engaged in such a "substantial, continuous and systematic course of business." *Daimler* 134 S. Ct. at *40. The *Daimler* Court specifically and unequivocally rejected this position:

> Plaintiffs would have us look beyond the exemplar bases *Goodyear* identified, **and approve the exercise of general jurisdiction in every State in which a corporation "engages in a substantial, continuous, and systematic course of business." That formulation, we hold, is unacceptably grasping**… If Daimler's California activities sufficed to allow adjudication of this Argentina-rooted case in California, the same global reach would presumably be available in every other State in which MBUSA's sales are sizable. **Such exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants "to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit**."

*Daimler*, 134 S. Ct. at *39-40 (quoting *Burger King Corp.*, 105 S. Ct. 2174) (emphasis added).

5

The *Daimler* Court concluded, based on the above analysis, that it was error for the Ninth Circuit to hold that Daimler, *even with MBUSA's contacts with California*, was "at home" in California such that it was subject to suit brought by "foreign plaintiffs having nothing to do with anything that occurred or had its principal impact in California." *Daimler*, 134 S. Ct. at *43-44. In doing so, the Supreme Court rejected the idea that a company could be hauled into court merely for "doing business" in a state. Indeed, following *Daimler*, several courts have rejected a "consent" theory based on the mere fact of being registered to do business in the state. *See e.g.*, *Sullivan v. Sony Music Entm't*, 2014 U.S. Dist. LEXIS 152771, at *8-9 (N.D. Ill. Oct. 29, 2014) ("Plaintiffs have failed to carry their burden of establishing that [the defendant] is subject to general jurisdiction in Illinois" simply "because it is registered to do business in Illinois [and] maintains a registered agent for service of process in the state"); *AstraZeneca Ab v. Mylan Pharmaceuticals, Inc.*, 72 F. Supp. 3d 549, 556 (D. Del. 2014) ("In light of the holding in [*Daimler*], the court finds that [the defendant's] compliance with Delaware's registration statutes – mandatory for doing business within the state – cannot constitute consent to jurisdiction."). Thus, that Defendant is registered as a foreign corporation and has a designated registered agent in Illinois is, without more, insufficient to put Defendant on notice that it could be haled into court here. *See Perez v. Air & Liquid Sys. Corp.*, 2016 U.S. Dist. LEXIS 166645, *16-18 (S.D. Ill. Dec. 2, 2016) (collecting circuit authority for the proposition that "registering to do business or maintaining a registered agent is not enough to confer general jurisdiction over a foreign corporation"). To otherwise interpret "consent" would subject corporations with a national presence to general jurisdiction all over the country – a result specifically at odds with *Daimler*.

## **CONCLUSION**

Here, neither jurisdictional test is satisfied. There is no general jurisdiction because Defendant is not incorporated or headquartered in Illinois. *See* D.E. 1-1 (evidencing incorporation and principal office in Texas). Nor has Plaintiff made a *prima facie* showing that there is specific jurisdiction in this case. Because this Court lacks personal jurisdiction over Plaintiff, her Complaint should be dismissed. And as stated *supra*, said dismissal should be with prejudice given Plaintiff's inability to state a claim for relief.

                                                    Respectfully submitted,

                                                    **SECOND ROUND SUB, LLC**

**DATED:** February 20, 2018            /s/ Katherine Maria Saldanha Olson
                                                    Katherine Maria Saldanha Olson #6310080
                                                    Messer Strickler, Ltd.
                                                    225 W. Washington Street, Suite 575
                                                    Chicago, IL 60606
                                                    (312) 334-3444
                                                    (312) 334-3473 (FAX)
                                                    kolson@messerstrickler.com
                                                    *Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of February 2018, a true and accurate copy of the foregoing was filed with the Clerk of Court using the ECF system which will send notification of such filing to the attorneys of record.

/s/ Katherine Maria Saldanha Olson
Katherine Maria Saldanha Olson #6310080
Messer Strickler, Ltd.
225 W. Washington Street, Suite 575
Chicago, IL 60602
(312) 334-3469
(312) 334-3473 (FAX)
kolson@messerstrickler.com
*Attorney for Defendant*